United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO A. BRAMBILA, and<br>DOMINGA BRAMBILA,<br><br>          Plaintiffs,<br>  v.<br><br>REO BAY AREA, LP; ROBIN<br>TRIPALDI; KIMBALL, TIREY,<br>& ST. JOHN LLP; DOES 1<br>THROUGH 10,<br><br>          Defendants.<br>                                        / | No. C 11-03202 SI<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS AND GRANTING<br>LEAVE TO AMEND** |

Defendant's motion to dismiss the complaint is scheduled for a hearing on September 9, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the defendants' motion to dismiss the complaint, and GRANTS plaintiff limited leave to amend. If the plaintiff wishes to file an amended complaint, the amended complaint must be filed no later than **September 30, 2011**.

**BACKGROUND**

This case involves the sale of a foreclosed home located at 410 Madera Street, Brentwood, California to defendant REO Bay Area, LP ("REO"). On June 28, 2011, plaintiffs Pedro Brambila and Dominga Brambila filed this lawsuit *pro se* against defendants REO; Robin Tripaldi; Kimball, Tirey & St. John LLP ("KTS"); as well as John Does 1 through 10. Plaintiffs allege violations of 42 U.S.C. § 1983, the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), as well as various

state law claims. Defendant KTS is a law firm representing defendant REO in this matter, and defendant Robin Tripaldi is an attorney at KTS. KTS and Tripaldi represented REO in an unlawful detainer action against plaintiffs regarding the subject property in Superior Court of California, County of Contra Costa.

Plaintiffs bought the property via a deed of trust dated January 26, 2006. Complaint, Exhibit A at 1 ("Deed of Trust"). In the Deed of Trust, plaintiffs were named as borrowers, while "Countrywide Bank, N.A." is named as lender, and "Recontrust Company, N.A." is named as trustee. *Id.* at 2. Notably, neither Countrywide Bank nor Recontrust Company was named as a party to this action, though many of the allegations of the Complaint are directed against them. *See, e.g.,* Compl., ¶¶ 4, 5, 10, 11, 12, 16, 21. The Deed of Trust references a promissory note also signed January 26, 2006, stating borrower-plaintiffs owed lender (Countrywide Bank) $465,600.00. Complaint, Exhibit A at 2.

Following the purchase, plaintiffs began to fall behind on payment. Plaintiffs attach a "Notice of Default and Election to Sell Under Deed of Trust" mailed by Recontrust and recorded in the Contra Costa County Recorder Office on July 30, 2009. Complaint, Exhibit G at 1. The Notice of Default lists the amount owed by plaintiffs as $38,834.21 as of July 28, 2009. *Id.* Plaintiffs admit in their Complaint that "we have been unable to make the monthly payments on the subject property for some time now." Compl. ¶ 11. On May 10, 2010, the premises were sold by Recontrust to REO at a trustee's sale for value. Complaint, Exhibit B at 1 ("Trustee's Deed Upon Sale.") The Trustee's Deed Upon Sale lists the Trustee as Recontrust Company, N.A. and the Grantee as REO Bay Area, LP. *Id.* It lists the unpaid debt at $539,420.81, and the amount paid by REO to Recontrust at $248,000.00. *Id.* Further, it states that, "This conveyance is made pursuant to the powers conferred upon Trustee [Recontrust] by the Deed of Trust executed by Pedro Brambila and Dominga Brambila, Husband and Wife as Joint Tenants, as Trustor, recorded on 02/01/2006." *Id.* It also notes that REO was the highest bidder, and that, "The Grantee [REO] herein was not the beneficiary." *Id.* The document is signed by an Assistant Secretary to Recontrust, Abraham Bartamian, on May 10, 2010. It was then notarized on May 18, 2010.

After purchasing the premises, REO retained defendant law firm KTS to evict plaintiffs who, defendants alleged, were still occupying and in possession of the premises. Def.'s Mot. Dismiss at 1.

2

On February 23, 2011, KTS filed an unlawful detainer complaint ("UD") against plaintiffs on behalf of REO in the Superior Court of California, Contra Costa-County, Delta-Pittsburg Judicial Division. Request for Judicial Notice ("RJN"), Ex. 1.[1] Defendant Robin Tripaldi is an attorney who was employed by KTS at the time the eviction was filed, and signed the UD complaint. RJN, Ex. 1 at 7. The Brambilas filed a *pro se* answer to the UD on March 4, 2011. RJN, Ex. 2. On June 1, 2011, a court trial of the UD was held, and REO was awarded judgment of possession of the premises, $7,495.00 in hold-over damages and $420.00 in costs. RJN, Ex. 3. The Brambilas were not present at the trial. *Id.*

On June 28, 2011, plaintiffs filed this action alleging two federal claims -- violations of 42 U.S.C. § 1983 and the FDCPA -- as well as various state law claims. Defendants filed a motion to dismiss the complaint on August 5, 2011. Opposition to the motion was filed August 13, 2011, and the defendants filed a reply on August 17, 2011.

**LEGAL STANDARD**

**I.  Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In most cases, such as the one presented here, subject matter jurisdiction is conferred upon a federal district court if the action raises a federal question, 28 U.S.C. § 1331, or if there is diversity jurisdiction. 28 U.S.C. § 1332.

Under Federal Rule of Civil Procedure 12(h)(3), a district court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Federal Courts are required *sua sponte* to examine jurisdictional issues. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. Cal. 2002).

---

[1] The Court GRANTS defendant's request for judicial notice of Exhibits 1, 2, and 3, all Superior Court of California documents relating to the unlawful detainer action.

3

**II.     Failure to State a Claim**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. See *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Where a plaintiff is proceeding *pro se*, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a *pro se* complaint without leave to amend is proper only if it

4

is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## DISCUSSION

Plaintiffs allege two federal law claims and several state law claims. Neither of plaintiffs' federal law claims is legally cognizable. Accordingly, those claims are dismissed, with leave to amend the second (the FDCPA claim). Plaintiff's remaining state law claims, including, *inter alia*, the actions for quiet title and wrongful foreclosure, are DISMISSED for lack of subject matter jurisdiction, with limited leave to amend.

**I.     The Federal Claims**

   **A.     First Claim: Violation of 42 U.S.C. § 1983**

Plaintiffs allege violation of 42 U.S.C. § 1983. Compl. ¶ 1. The gist of this claim is that defendants purchased the property and pursued the unlawful detainer action without authority to do so. Compl. ¶¶ 69, 71, 73, 77, 79, 82.

Defendants argue that the plaintiffs cannot bring a claim for violation of 42 U.S.C. § 1983 against them because they are not state actors. The Court agrees. Section 1983 imposes liability only where a person acts "under color" of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983; *Richardson v. McKnight*, 521 U.S. 399, 403 (1997). In order to state a claim under 42 U.S.C. § 1983, plaintiffs must show two essential elements: (1) that the defendants acted under color of state law; and (2) that the defendants caused them to be deprived of a right secured by the Constitution and laws of the United States. *Howerton v. Gabica*, 708 F.2d 380 (9th Circ. 1983).[2] As such, the offending party must generally be a "state actor" for liability to attach. *Wyatt v. Cole*, 504 U.S.

---

[2] The Court need not reach the second question, as to whether any of plaintiffs were actually deprived of any constitutional rights.

5

158, 161 (1992).

Here, the defendants are private entities that were not acting under the color of state law. Even reading the complaint in a light most favorable to plaintiff, no allegations are made that suggest any defendant is a state actor. From the briefing papers and California Secretary of State website, it appears REO Bay Area, LP is a limited partnership registered in California on May 5, 2009. Kimball, Tirey, and St. John LLP is a limited liability partnership law firm located in Los Angeles, California. Robin Tripaldi appears to be an attorney employed with KTS. None could be considered state actor, nor does plaintiff allege as much.

There are limited situations in which *private parties* may be held liable under § 1983 when acting under color of state law. *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiffs here, however, make no claim such action occurred. The only action that plaintiffs describe that could, in light most favorable to plaintiffs, be characterized as potential state action, is the unlawful detainer suit brought in state court. This precise argument was rejected, however, in *Haw v. Wash. Mut. Bank*, 2010 U.S. Dist. LEXIS 18277 (E.D.Cal. Mar. 1, 2010) (Damrell, J.) (dismissing similar complaint for lack of jurisdiction):

> Use of the unlawful detainer process standing alone does not transform acts by a private party into acts under color of law for purposes of § 1983. See *Hohensee v. Dailey*, 383 F. Supp. 6, 9 (M.D. Pa. 1974) ("The mere fact that an individual utilizes state process against another does not make the actor's conduct cognizable as state action."); *see also Deal v. Newport Datsun, Ltd.*, 706 F.2d 141 (4th Cir. 1983) (affirming a district court's dismissal of an action on the grounds that a landlord's commencement of an ejectment proceeding did not constitute state action); *Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1242 (5th Cir. 1982) ("There is no cause of action under the Civil Rights Act if a case is private litigation in which the state does no more than furnish the forum and has no interest in the outcome."); cf. Howerton v. Gabica, 708 F.2d 380 (9th Cir. 1983) (finding state action in an eviction context when a police officer accompanied landlord when serving eviction notice, privately approached tenants, and recommended that they leave, creating the appearance that the police sanctioned the eviction).

*Id*. at *4. The same facts apply here - the use of the state forum for an unlawful detainer suit does not constitute state action as required by 42 U.S.C. § 1983.

The Court concludes that there is no showing that any of the named defendants are state actors,

1 nor were their actions committed under color of state law. As such, the Court GRANTS defendant's
2 motion to dismiss the 42 U.S.C. § 1983 claim, without leave to amend.

### B. Second Claim: The FDCPA Claim

Plaintiffs' second federal claim alleges that defendants violated 15 U.S.C. § 1692 et seq., the Fair Debt Collections Practices Act. Compl. ¶¶ 21, 36, 42, 44, 72, 81, 82, 114. The FDCPA protects consumers from the use of abusive, deceptive, and unfair debt collection practices by "debt collectors." 15 U.S.C. § 1692(a). The plaintiffs argue, *inter alia*, that defendants violated plaintiffs' rights under the FDCPA "by presenting themselves as a party who has a right to enforce the original note, although their undisclosed-third-party-note-buyer clearly is not now, nor have they ever been a co-signer on the original note." Compl. ¶ 81. They further allege violation of the FDCPA due to fraud. Compl. ¶ 82.

The defendants argue that they are not "debt collectors" as defined by the statute, and thus the statute does not reach them. Def's Mot. Dismiss at 6. Instead, they contend, they are bona fide purchasers for value of the premises. The Court need not reach this second claim, as it agrees with the first.

The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(5). The plaintiffs here do not make any allegations that the defendants fit within this definition. The defendants did not seek collection upon any debts owed to themselves or others. Instead, they simply commenced -- and successfully litigated -- an unlawful detainer action against plaintiffs with respect to possession of the premises. While plaintiffs may have debt obligations related to their mortgage, defendants here are unrelated to that transaction. If plaintiff chooses to file an amended complaint, it must sufficiently demonstrate that the named defendants fall under the category of "debt collectors." 15 U.S.C. § 1692a(5).

Accordingly, the Court GRANTS defendants' motion to dismiss the FDCPA claim. Leave to

amend is granted since plaintiffs are *pro se*. However, as set forth above, any amended complaint must sufficiently allege both that the defendants can be defined as debt collectors as defined in 16 U.S.C. § 1692a(6), and sufficiently allege substantive violations of the FDCPA in order to survive subsequent motions to dismiss.

## II. State Law Claims

Dismissal of the 42 U.S.C. § 1983 and 16 U.S.C. § 1692 claims leave the complaint devoid of any federal claims. As such, no federal question jurisdiction remains per 28 U.S.C. § 1331. The complaint further fails to allege any facts that would support diversity jurisdiction per 28 U.S.C. § 1332. The remaining claims are all state law claims, including claims for quiet title, fraud, and wrongful foreclosure. The Court declines to exercise supplemental jurisdiction over the remaining state law claims at this time. *See* 28 U.S.C. § 1367(c).

## CONCLUSION

For the reasons stated above, the Court GRANTS defendant's motion to dismiss the complaint, and GRANTS plaintiff limited leave to amend in accordance with this order. Any amended complaint must be filed by September 30, 2011.

**IT IS SO ORDERED.**

Dated: September 8, 2011.

SUSAN ILLSTON
United States District Judge