IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO A. BRAMBILA, and<br>DOMINGA BRAMBILA,<br><br>        Plaintiffs,<br>  v.<br><br>REO BAY AREA, LP, and KIMBALL, TIREY & ST. JOHN, LLP,<br><br>        Defendant.<br>                                      / | No. C 11-03202 SI<br><br>**ORDER GRANTING MOTIONS TO DISMISS FILED BY DEFENDANTS REO AND KIMBALL, TIREY & ST. JOHN** |

On October 13, 2011, defendants REO Bay Area ("REO") and Kimball, Tirey, & St. John, LLP ("KTS") filed a motion to dismiss plaintiffs' First Amended Complaint ("FAC"). Doc. 25. No opposition has been filed. A hearing on this motion is scheduled for November 18, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. For the following reasons, the Court GRANTS defendants' motions to dismiss with prejudice.

**BACKGROUND**

On June 28, 2011, plaintiffs Pedro and Dominga Brambila filed this action in connection with the foreclosure of their home located at 410 Madera Street, Brentwood, California, against defendants REO and KTS. Plaintiffs alleged, *inter alia,* that defendants violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA") and 42 U.S.C. § 1983 in foreclosing on their home and in successfully pursuing unlawful detainer proceedings against them. *See* Doc. 1. Neither defendant is the original lender or foreclosing beneficiary. Instead, REO is the purchaser of the home from a trustee's sale for value, and KTS is the law firm retained by REO to evict plaintiffs. *See* Doc. 17 at 2.

In its September 9, 2011 Order, this Court granted defendants' motion to dismiss the 42 U.S.C. § 1983 and FDCPA claims, but granted plaintiffs leave to amend the FDCPA claim. The Court required that "any amended complaint must sufficiently allege both that the defendants can be defined as debt collectors as defined in 15 U.S.C. § 1692a(6), and sufficiently allege substantive violations of the FDCPA in order to survive subsequent motions to dismiss." Doc. 17 at 8.

On September 29, 2011, plaintiffs filed their First Amended Complaint ("FAC"). In the FAC, plaintiffs added two other defendants: Bank of America, N.A. ("BANA"); and Jackie Worden, the Clerk for the Contra Costa Superior Court. This Order addresses only defendants REO and KTS' motion to dismiss.[1]

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court

---

[1] The motions to dismiss filed by newly-added defendants BAMA and Worden are addressed in a separate order.

2

must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d.1049, 1055 (9th Cir. 2008). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

In its September 9, 2011 Order, the Court specifically ordered that "any amended complaint must sufficiently allege both that the defendants can be defined as debt collectors as defined in 15 U.S.C. § 1692a(6) and sufficiently allege substantive violations of the FDCPA," in order to survive subsequent motions to dismiss by defendants REO and KTS. Doc. 17 at 8. The FAC - which is largely unintelligible - does neither. Instead, the comprehensible sections of the FAC allege new claims against new defendants and cite a variety of statutes, often without context. Indeed, REO and KTS are not mentioned by name in the FAC. The Court therefore dismisses plaintiffs' federal claims against defendants REO and KTS with prejudice. As in its September 9, 2011 Order, the Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims against defendants, insofar as they exist.

## CONCLUSION

Accordingly, the Court GRANTS defendants' motions to dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: November 16, 2011

SUSAN ILLSTON
United States District Judge

3